**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**
**BANGOR DIVISION**

| | | |
|---|---|---|
| **John Deere Construction & Forestry Company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **26-cv-** |
| | ) | |
| **LJ Bartlett Logging LLC, Jared O. Bartlett II** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

For its Complaint against Defendants LJ Bartlett Logging LLC and Jared O. Bartlett II, Plaintiff John Deere Construction & Forestry Company states as follows:

## PARTIES

1. Plaintiff John Deere Construction & Forestry Company is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware.

2. Defendant LJ Bartlett Logging LLC is a limited liability company whose sole member is Jared O. Bartlett II.

3. Defendant Jared O. Bartlett II is an adult who is domiciled in Littleton, Maine.

## JURISDICTION & VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

5. Plaintiff John Deere Construction & Forestry Company is a citizen of Illinois and Delaware because it is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware.

6. Defendant Jared O. Bartlett II is citizen of Maine because he is domiciled in Maine.

7. Defendant LJ Barlet Logging LLC is citizen of Maine because it is a limited liability company whose sole member is Jared O. Bartlett II who is a citizen of Maine.

8. The amount in controversy exceeds $75,000 because the defendants are jointly and severally liable for debts exceeding $300,000.00.

9. Venue is proper under 28 U.S.C. § 1391 because Jared O. Bartlett II resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTS COMMON TO ALL COUNTS**

10. On June 23, 2021, Defendants LJ Bartlett Logging LLC and Jared O. Bartlett II executed a Loan Contract - Security Agreement (the "2645 Contract") to finance the purchase of certain equipment. A true and correct copy of the 2645 Contract is attached hereto as Exhibit 1.

11. On December 30, 2021, LJ Bartlett Logging LLC and Jared O. Bartlett II executed a Loan Contract - Security Agreement (the "9438 Contract") to finance the purchase of certain equipment. A true and correct copy of the 9438 Contract is attached hereto as Exhibit 2.

12. On April 1, 2022, LJ Bartlett Logging LLC and Jared O. Bartlett II executed a Loan Contract - Security Agreement (the "2790 Contract" and, collectively with the 2645 Contract and the 9438 Contract, the "Contracts") to finance the purchase of certain equipment. A true and correct copy of the 2790 Contract is attached hereto as Exhibit 3.

13. Under the terms of the Contracts, LJ Bartlett Logging LLC and Jared O. Bartlett II agreed to make regular monthly payments, but have not made all required payments.

14. LJ Bartlett Logging LLC and Jared O. Bartlett II are currently in default for non-payment.

15. To date, LJ Bartlett Logging LLC and Jared O. Bartlett II have not made sufficient payments to bring the accounts current.

16. Deere has incurred damages, including unpaid principal, unpaid interest, diminished value, attorneys' fees, litigation expenses, late fees, collections fee, deferral fees, repossession fees, repair costs, and collection costs.

17. All conditions precedent to bringing this action are satisfied.

**COUNT ONE**
**Breach of Contract—Account No. 2645**

18. Deere hereby adopts and incorporates all prior factual allegations.

19. Deere has performed all of the obligations required of it under the 2645 Contract.

20. After LJ Bartlett Logging LLC and Jared O. Bartlett II's default, Deere recovered its collateral and sold it at a commercially reasonable sale that resulted in a deficiency.at that time, of $114,215.33

21. LJ Bartlett Logging LLC and Jared O. Bartlett II has not performed all of their obligations under the 2645 Contract.

22. LJ Bartlett Logging LLC and Jared O. Bartlett II's failure and/or refusal pay the amounts owed is a breach of the 2645 Contract.

23. As a proximate result thereof, Deere was harmed.

24. As of April 14 2026, the account balance remaining was $119,871.65.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against LJ Bartlett Logging LLC and Jared O. Bartlett II, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT TWO**
**Breach of Contract—Account No. 9438**

25. Deere hereby adopts and incorporates all prior factual allegations.

26. Deere has performed all of the obligations required of it under the 9438 Contract.

27. After LJ Bartlett Logging LLC and Jared O. Bartlett II's default, Deere recovered its collateral and sold it at a commercially reasonable sale that resulted in a deficiency, at that time, of $135,532.45.

28. LJ Bartlett Logging LLC and Jared O. Bartlett II has not performed all of their obligations under the 9438 Contract.

29. LJ Bartlett Logging LLC and Jared O. Bartlett II's failure and/or refusal pay the amounts owed is a breach of the 9438 Contract.

30. As a proximate result thereof, Deere was harmed.

31. As of April 14 2026, the account balance remaining was $144,853.97.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against LJ Bartlett Logging LLC and Jared O. Bartlett II, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

**COUNT THREE**
**Breach of Contract—Account No. 2790**

32. Deere hereby adopts and incorporates all prior factual allegations.

33. Deere has performed all of the obligations required of it under the 2790 Contract.

34. After LJ Bartlett Logging LLC and Jared O. Bartlett II's default, Deere recovered its collateral and sold it at a commercially reasonable sale that resulted in a deficiency, at that time, of $102,345.31.

35. LJ Bartlett Logging LLC and Jared O. Bartlett II has not performed all of their obligations under the 2790 Contract.

36. LJ Bartlett Logging LLC and Jared O. Bartlett II's failure and/or refusal pay the amounts owed is a breach of the 2790 Contract.

37. As a proximate result thereof, Deere was harmed.

38. As of April 14 2026, the account balance remaining was $107.832.55.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against LJ Bartlett Logging LLC and Jared O. Bartlett II, jointly and/or severally, for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

/s/ Dylan Reeves
Dylan Reeves (ME 011668)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300
dreeves@spencerfane.com

Attorney For John Deere Construction & Forestry Company